UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MYRON GAYLORD BRANDON,

                            Petitioner,

        v.

SCOTT FRAKES,

                            Respondent.

No. C09-5689 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted For:  December 18, 2009**

        This habeas corpus action has been referred to United States Magistrate Judge Karen L.

Strombom pursuant to Title 28 U.S.C. §§ 636(b)(1) and Local MJR 3 and MJR 4.  Petitioner

filed this action under 28 U.S.C. § 2254 challenging his 2000 conviction for Robbery in the First

degree. Dkt. 1.  The Court's records reflect that this petition is successive.  Accordingly, the

undersigned recommends that this file should be administratively closed and the case transferred

to the Ninth Circuit in accordance with Circuit Rule 22-3(a).

**DISCUSSION**

        Ninth Circuit Rule 22-3 (a) states:

        (a)      Application.  Any petitioner seeking leave to file a second or
successive 2254 petition or 2255 motion in district court must seek leave under 28
U.S.C. §§ 2244 or 2255.  An original and five copies of the application Must be
filed with the Clerk of the Court of Appeals.  No filing fee is required.  If a second
or successive petition or motion, or application for leave to file such a petition or
motion, is mistakenly submitted to the district court, the district court shall refer it
to the court of appeals.

(Emphasis added).

1

Petitioner first filed a petition for writ of habeas corpus on September 22, 2004 in Case

2

No. C04-5617KLS. (Dkt. 5 therein). That petition was dismissed without prejudice when

3

Petitioner failed to show that the issues he claims to be exhausted were in fact exhausted. (Dkts.

4

49 and 50 therein). Prior to dismissal of his claims in that case, Petitioner filed another petition

5

6

for writ of habeas corpus on June 10, 2005 in Case No. C05-5417FDB. (Dkt. 1 therein). That

7

petition was denied on the merits and dismissed with prejudice. (Dkt. 26 therein).

8

Thus, the petition before this Court is a "second or successive" petition and should be

9

transferred to the Ninth Circuit Court of Appeals consistent with the dictates of Rule 22-3 (a).

10

**CONCLUSION**

11

Accordingly, the Court should transfer this habeas corpus petition as a second or

12

successive petition and administratively close the file. Pursuant to 28 U.S.C. § 636(b)(1) and

13

Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from

14

15

service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file

16

objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474

17

U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to

18

set the matter for consideration on **December 18, 2009**, as noted in the caption.

19

20

DATED this  23rd  day of November, 2009.

21

22

23

Karen L. Strombom
United States Magistrate Judge

24

25

26

REPORT AND RECOMMENDATION - 2